**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 114650

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Edward Duffy, individually and on behalf of all others similarly situated, | Docket No: |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| vs. | JURY TRIAL DEMANDED |
| I.C. System, Inc., | |
| Defendant. | |

Edward Duffy, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against I.C. System, Inc. (hereinafter referred to as "*Defendant*"), as follows:

### INTRODUCTION

1.      This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2.      This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3.      Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4.      At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

5.      Plaintiff Edward Duffy is an individual who is a citizen of the State of New York residing in Suffolk County, New York.

6.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7.      On information and belief, Defendant I.C. System, Inc., is a Minnesota Corporation with a principal place of business in Ramsey County, Minnesota.

8.      Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9.      Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

10.     Defendant alleges Plaintiff owes a debt ("the Debt").

11.     The Debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

12.     Sometime after the incurrence of the Debt, Plaintiff fell behind on payments owed.

13.     Thereafter, at an exact time known only to Defendant, the Debt was assigned or otherwise transferred to Defendant for collection.

14.     In its efforts to collect the debt, Defendant contacted Plaintiff by letter ("the Letter") dated September 15, 2017. (**"Exhibit 1."**)

15.     The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

16.     The Letter states "Principal Due: $449.78."

17.     The Letter states "Billing Fees Due: $54.52."

18.     The Letter states "Late Charge Due: $75.00."

19.     The Debt was subject to "Billing Fees."

20.     The Debt was subject to "Late Charges."

21.     The Letter includes a settlement offer of $376.54.

22.     The Letter states, "This settlement offer is valid for the balance shown on your account(s) as of the date of this letter.  Any additional balances added after this date are not included."

23.     The date of the letter is September 15, 2017.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

24.     Plaintiff received the letter after September 15, 2017.

25.     The settlement amount was invalid by the time Plaintiff received the Letter.

26.     Payment of $376.54 on the date Plaintiff received the Letter would not have satisfied the Debt.

27.     The settlement is illusory.

28.     The tender of an illusory settlement is deceptive.

29.     The tender of an illusory settlement is a deceptive means to attempt to collect the debt.

30.     The tender of an illusory settlement is a deceptive means to attempt to coerce a payment from the debtor.

31.     The tender of an illusory settlement is a deceptive means to attempt to coerce a payment from the debtor that would not satisfy the debt.

32.     The Letter fails to include any "safe harbor" language concerning the accrual of billing fees. *Carlin v. Davidson Fink*, 852 F.3d 207, 216 (2d Cir. 2017); *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72, 76 (2d Cir. 2016).

33.     The Letter fails to include any "safe harbor" language concerning the accrual of late charges. *Carlin v. Davidson Fink*, 852 F.3d 207, 216 (2d Cir. 2017); *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72, 76 (2d Cir. 2016).

34.     The Letter fails to indicate the minimum amount Plaintiff owed at the time of receipt of the Letter.

35.     The Letter fails to provide information that would allow the least sophisticated consumer to determine the minimum amount he or she owes at the time of receipt of the Letter.

36.     The Letter fails to provide information that would allow Plaintiff to determine what Plaintiff will need to pay to resolve the debt at the time of receipt of the Letter.

37.     The Letter fails to provide information that would allow the least sophisticated consumer to determine what he or she will need to pay to resolve the debt at the time of receipt of the Letter.

38.     The Letter fails to provide information that would allow the least sophisticated consumer to determine the amount of billing fees owed.

39.     For instance, the Letter fails to indicate whether additional billing fees will be added.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

40.    For instance, the Letter fails to indicate the date additional billing fees will be added.

41.    For instance, the Letter fails to indicate the amount of additional billing fees that may be added.

42.    The Letter fails to provide information that would allow the least sophisticated consumer to determine the amount of late charges owed.

43.    For instance, the Letter fails to indicate the amount of late charges.

44.    For instance, the Letter fails to indicate the date such late charges will be added.

45.    For instance, the Letter fails to indicate the amount of late charges during any measurable period.

46.    The Letter fails to contain an explanation, understandable by the least sophisticated consumer, of any late charges and/or billing fees that may cause the amount stated to increase.

47.    The Letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the minimum amount owed at the time of receipt of the Letter.

48.    The Letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine what she will need to pay to resolve the debt at the time of receipt of the Letter.

49.    The Letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of his or her debt at the time of receipt of the Letter.

50.    The Letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of her debt because the consumer would not know whether billing fees and/or late charges would continue to accrue, or whether the amount of the debt was static.

51.    The Letter, because of the aforementioned failures, did not convey "the amount of the debt" clearly from the perspective of the least sophisticated consumer.

52.    The Letter, because of the aforementioned failures, did not convey "the amount of the debt" accurately from the perspective of the least sophisticated consumer.

53.    The Letter, because of the aforementioned failures, did not convey "the amount of

the debt" without ambiguity from the perspective of the least sophisticated consumer.

54.     Because of the aforementioned failures, the least sophisticated consumer would likely be confused as to the amount of the debt.

55.     Because of the aforementioned failures, the least sophisticated consumer would likely be uncertain as to the amount of the debt.

56.     The Letter, because of the aforementioned failures, violates 15 U.S.C. § 1692e.

57.     The Letter, for all of the foregoing reasons, violates 15 U.S.C. § 1692e.

## CLASS ALLEGATIONS

58.     Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York from whom Defendant attempted to collect a consumer debt using a collection letter that includes a settlement offer and also includes the language, "This settlement offer is valid for the balance shown on your account(s) as of the date of this letter.  Any additional balances added after this date are not included," from one year before the date of this Complaint to the present.

59.     This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

60.     Defendant regularly engages in debt collection.

61.     The Class consists of more than 35 persons from whom Defendant attempted to collect delinquent consumer debts using a collection letter that includes a settlement offer and also includes the language, "This settlement offer is valid for the balance shown on your account(s) as of the date of this letter.  Any additional balances added after this date are not included."

62.     Plaintiff's claims are typical of the claims of the Class.  Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

63.     The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

64.    Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof.  Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

65.    Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

a.  Certify this action as a class action; and

b.  Appoint Plaintiff as Class Representative of the Class, and Plaintiff's attorneys as Class Counsel; and

c.  Find that Defendant's actions violate the FDCPA; and

d.  Grant damages against Defendant pursuant to 15 U.S.C. § 1692k; and

e.  Grant Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

f.  Grant Plaintiff's costs; together with

g.  Such other relief that the Court determines is just and proper.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

DATED: September 10, 2018

**BARSHAY SANDERS, PLLC**

By: _/s/ Craig B. Sanders_____
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 114650

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530